UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-81079-CIV-MARRA
(APPEAL FROM BANKRUPTCY CASE NO. 12-17964-BKC-PGH
ADVERSARY PROCEEDING NO. 12-01582-BKC-PGH-A)

In re:

ANA MERCEDES BARRETO,

    Debtor.
_____/

ANA MERCEDES BARRETO,

    Appellant,

v.

EDWIN FIGUEROA,

    Appellee.
_____/

**OPINION AND ORDER**

    Appellant Ana Mercedes Barreto ("Barreto") filed this appeal challenging the Findings of Fact and Conclusions of Law and the Final Judgment entered on July 12, 2013 in the adversary proceedings in Bankruptcy Court. Appellee Edwin Figueroa ("Figueroa") filed a Motion for Attorney's Fees and Costs pursuant to Federal Rule of Bankruptcy Procedure 8020. The issues are briefed and ripe for review. For the reasons that follow, this Court affirms the Bankruptcy Court's orders and denies the Appellee's Motion.

**I. Jurisdiction**

    District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders, and decrees. 28 U.S.C. § 158(a). Here, the Bankruptcy Court's order and judgment being

appealed are final. Therefore, this Court has jurisdiction.

## II. Standard of Review

The district court reviews the factual findings of a bankruptcy court for clear error, and reviews *de novo* a bankruptcy court's conclusions of law of and application of the law to the particular facts of the case. Fed. R. Bankr. P. 8013; *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).

## III. Background

In 2009, Figueroa filed a suit against Barreto in state court. The jury found that Barreto breached a contract, and committed fraudulent misrepresentation and civil theft. The jury awarded Figueroa $827,464.35 in damages, and a judgment was entered accordingly. Thereafter, Barreto filed a voluntary Chapter 7 bankruptcy petition, and Figueroa commenced an adversary proceeding to determine dischargeability of the debt resulting from the aforementioned judgment.

The Bankruptcy Court found that the damages associated with fraudulent misrepresentation and civil theft were nondischargeable pursuant to 11 U.S.C. § 523(a), and granted Figueroa summary judgment on this issue. Subsequently, the Bankruptcy Court held a trial to determine whether damages associated with the breach of contract were dischargeable. Figueroa and Barreto testified, and the record of state court proceedings was received into evidence. On July 12, 2013, the Bankruptcy Court entered its Findings of Fact and Conclusions of Law. The Bankruptcy Court found that the doctrine of collateral estoppel prevented re-litigation of the factual issues decided in state court. Further, the Bankruptcy Court determined that the evidence had established that Barreto's breach of contract was inextricably tied with the actions associated with the fraudulent misrepresentation. Thus, the Bankruptcy Court concluded that Barreto's breach of contract was

accompanied by the "willful and malicious" conduct required for nondischargeability under 11 U.S.C. § 523(a)(6). Thus, the Bankruptcy Court found the entire debt to be nondischargeable, and entered the Final Judgment. This appeal ensued.

## IV. Discussion

Barreto argues that the Bankruptcy Court failed to properly differentiate the damages resulting from the breach of contract claim from the damages associated with the fraud and civil theft claims. In particular, Barreto argues that Figueroa did not carry his burden of establishing nondischargeability because: (a) Figueroa relied exclusively on Exhibit 11, which was not entered into evidence; (b) a search of the federal courts' filing system does not support Figueroa's counsel's statement during his closing argument that Figueroa filed for bankruptcy; (c) no expert testimony supported the valuation of the property loss suffered by Figueroa; and that (d) the Bankruptcy Court mistakenly shifted the burden of establishing dischargeability to Barreto. This Court disagrees with these arguments.

First, as to the issue of Figueroa's exclusive reliance upon Exhibit 11, the Bankruptcy Court expressly stated that Exhibit 11 had not been received into evidence. Hence, Figueroa's reliance of that exhibit is irrelevant since the Bankruptcy Court could not have considered a document not received in evidence in rendering its decision. Nor can Barreto point to anything in the Bankruptcy Court's decision that suggests it did consider Exhibit 11. The Bankruptcy Court did, however, credit Figueroa's testimony at the trial, which it was entitled to do as the trier of fact. Reliance on Figueroa's trial testimony was sufficient to support the Bankruptcy Court's decision.

Second, without any support whatsoever, Barreto makes the assertion that the Bankruptcy Court shifted the burden of proof from Figueroa to her. This Court sees no indication in the record of the Bankruptcy Court doing so, and Barreto does nothing to indicate to this Court where such a

shifting occurred.

As to the assertion that there is no support for Figueroa's counsel's statement that Figueroa filed for bankruptcy, Barreto relies upon a purported search of Bankruptcy Court filings. That search, even if it exists, is not part of the record before this Court and can not be considered in deciding this appeal. *See In re May*, CIV.A. 10-0431-WS-N, 2010 WL 5014716, at *10, n. 20 (S.D. Ala. Nov. 30, 2010). Moreover, there is no indication in Barreto's brief how the statement affected the Bankruptcy Court's decision or how she has been prejudiced. Nor is there any indication that Barreto objected to the statement at the time it was made or brought the lack of support for the statement to the attention of the Bankruptcy Court.

Lastly, as to the lack of expert testimony to support the damage award, "[a]n owner is always competent to give his opinion on the value of his property." *Meredith v. Hardy*, 554 F.2d 764, 765 (5th Cir. 1977).[1] Figueroa testified at trial as to the property Barreto took from him and the extent of the damages. No expert testimony was required. Thus, all Barreto's arguments are without merit.

A factual finding is "clearly erroneous"

> when although there is evidence to support it, the reviewing court, upon examining the entire evidence, is left with the definite and firm conviction that a mistake has been committed. If the lower court's assessment of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 485 B.R. 460, 468 (S.D. Fla. 2013) (citations omitted).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Here, the Bankruptcy Court found that Barreto's breach of contract was inextricably tied with the actions associated with the fraudulent misrepresentation. Upon review of the record, this Court concludes that the Bankruptcy Court's finding was not clearly erroneous.

Further, a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable in bankruptcy. 11 U.S.C.A. § 523(a)(6) (West). Here, the Bankruptcy Court did not err in finding that Barreto's entire debt resulting from the state court judgment was not dischargeable.

Lastly, Figueroa asks this Court to award him attorney's fees and costs pursuant to the Federal Rule of Bankruptcy Procedure 8020. Rule 8020 allows a district court to award "just damages and single or double costs to the appellee" when the appeal is frivolous. Fed. R. Bankr. P. 8020. An appeal is frivolous when "the result is obvious or when the appellant's argument is wholly without merit." *Steffen v. Berman*, 8:09-CV-1953-T-RAL, 2010 WL 2293235 (M.D. Fla. June 7, 2010) (quoting *Property Movers, LLC v. Goodwin*, 31 F. App'x 81, 83 (4th Cir.2002)).

Here, Barreto does not cite to any authority in support of the substantive arguments. However, an appellant is not prohibited from challenging the sufficiency of the evidence supporting a factual finding. While Barreto's arguments are inadequately made and lack merit, this Court does not find that the appeal was frivolous.

### V. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Findings of Fact and Conclusions of Law and the Final Judgment entered on July 12, 2013 are **AFFIRMED**. Appellee's Motion for Attorney's Fees and Costs pursuant to Federal Rule of Bankruptcy Procedure 8020 (DE

22) is **DENIED.** The Clerk shall **CLOSE** this case.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of August, 2014.

                                                    _____
                                                  KENNETH A. MARRA
                                                  United States District Judge